UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALA RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>    Defendant. | Case No. 18-cv-04525-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING ASSERTING COUNTERCLAIM**<br><br>Docket No. 39 |

Plaintiff Tala Russell initiated this employment discrimination lawsuit against Kronos Inc. in July 2018. Kronos answered the operative first amended complaint ("FAC") in November 2018. Approximately seven months later, in August 2019, Kronos informed the Court through a status conference statement that it wanted to file a counterclaim against Ms. Russell. Kronos subsequently filed its motion and Ms. Russell has opposed. Having considered the papers submitted, the Court hereby **GRANTS** Kronos's motion.

Kronos seeks to assert counterclaims against Ms. Russell, both predicated on her recording of phone conversations with Kronos employees (Tommy Chacko and Rakesh Kumar) without their knowledge and consent. *See* Cal. Pen. Code § 637.2(a) (providing that a person "injured by a violation of this chapter may bring an action against the person who committed the violation"); *see also id.* § 632(a) (prohibiting a person from "intentionally and without the consent of all parties to a confidential communication[] us[ing] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication"); *id.* § 632.7(a) (prohibiting a person from "intentionally record[ing] . . . a communication transmitted between" two telephones "without the

consent of all parties to [the] communication").[1] Although the phone conversations took place in 2017, *i.e.*, before Ms. Russell filed her lawsuit against Kronos, there is no dispute that Kronos did not learn about the recording of the conversations until June 2019, when Ms. Russell disclosed that fact during this litigation. *See* Fed. R. Civ. P. 13(e) (providing that "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading").

Both parties agree that Federal Rule of Civil Procedure 15 governs the issue of whether Kronos should be allowed to file a supplemental pleading containing the counterclaims. Under Rule 15, factors that a court takes into consideration include the following: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Not all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating that "delay, by itself, is insufficient to justify denial of leave to amend"). "Prejudice is the 'touchstone of the inquiry under rule 15(a).' Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

In the instant case, Ms. Russell argues against the supplemental pleading based on bad faith, prejudice, and futility. The Court rejects the bad faith argument. It is true that the supplemental pleading, if allowed, might cast Ms. Russell in a negative light. *Cf.* Opp'n at 3 (arguing that "the sole purpose" of the counterclaims is "to disrupt the proceedings"). However, that does not mean that there is not a good faith factual or legal basis for the counterclaims. *See, e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (noting

---

[1] The remedy is limited to "the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation. (2) Three times the amount of actual damages, if any, sustained by the plaintiff." Cal. Pen. Code § 637.2(a).

2

as "[e]xamples of bad faith . . . instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party"); *Finjan, Inc. v. Check Point Software Techs.*, No. 18-cv-02621-WHO, 2019 U.S. Dist. LEXIS 62473, at *17 (N.D. Cal. Apr. 2, 2019) (providing as an example of bad faith "where the requested amendment contains baseless legal theories that are presented for the purpose of prolonging the litigation").

The Court also finds no prejudice to the amendment. Ms. Russell has not made a sufficient showing that she could not conduct the necessary discovery on the counterclaims within the case management deadlines set by the Court, particularly if the Court is willing to make some adjustments on fact and/or expert discovery.

The critical question is whether the counterclaims are, as Ms. Russell contends, futile. According to Ms. Russell, the counterclaims are futile because Kronos is a resident of Massachusetts, not California, and "the California legislature has made it clear [that] its intent behind [the California Penal Code statutes at issue was] to protect the privacy rights of the people residing in California." Opp'n at 4. California Penal Code § 630 is the first section in the chapter titled "Invasion of Privacy." In the section, the California legislature

> declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy . . . has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

Cal. Pen. Code § 630. The legislature further declares that, "by this chapter[,] [it] intends to protect the right of privacy of the people of this state." *Id.*

The Court is not persuaded, however, that, the California legislature thereby limited application of the California Penal Code statutes at issue to instances *only* where the victim was a California resident. As Kronos points out, nothing in the language of the Penal Code statutes themselves contains such a limitation, and the California Supreme Court was never called upon to address the issue in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006). Moreover, California clearly has an interest in policing or regulating misconduct within its borders, and here

3

there appears to be no dispute that Ms. Russell was in California when she made the recordings. Finally, even if Ms. Russell raised a fair point that the law of either Texas or Massachusetts should apply with respect to the allegedly illegal phone recordings (Mr. Chacko was in Texas during the relevant time, and Mr. Kumar was in Massachusetts), it appears that Massachusetts at least has a law similar to the California Penal Code statutes at issue. *See* Mass. Ann. Laws ch. 272, § 99(Q) (providing that "[a]ny aggrieved person whose oral or wire communications were intercepted . . . or whose personal or property interests or privacy were violated by means of an interception . . . shall have a civil cause of action against any person who so intercepts . . . such communications or who so violates his personal, property or privacy interest, and shall be entitled to recover from any such person" actual damages ("not less than liquidated damages computed at the rate of $100 per day for each day of violation or $1,000, whichever is higher") and punitive damages).

Accordingly, the Court grants Kronos's motion for leave to file a supplemental pleading containing counterclaims. Given Ms. Russell's contention that California law should not apply to the counterclaims based on the alleged illegal phone recordings, the Court shall allow Kronos to file a supplemental pleading that asserts violation of the California Penal Codes or, *in the alternative*, violation of Massachusetts law. Kronos shall file its supplemental pleading within three days of the date of this order.

This order disposes of Docket No. 39.

**IT IS SO ORDERED**.

Dated: August 28, 2019

_____
EDWARD M. CHEN
United States District Judge