1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

TALA RUSSELL,

Case No. 18-cv-04525-EMC (LB)

12

Plaintiff,

13

v.

**DISCOVERY ORDER; NOTICE AND ORDER REGARDING DISCOVERY PROCEDURES**

14

KRONOS INCORPORATED,

15

Defendant.

Re: ECF No. 48

16

17     The court held a discovery hearing on October 24, 2019 regarding the disputes raised in the

18  parties' joint discovery letter[1] and issues this order to memorialize the rulings on the record.

19     First, Kronos represented that it fully responded to the plaintiff's discovery requests and

20  produced what it has, with the substantial caveat that it does not have the plaintiff's emails or

21  Mike Solomon's emails due to its document-retention policy.[2] Under that policy, Kronos deletes

22  all employees' emails 30 days after termination of employment.[3] Kronos clarified at the hearing

23  that the issue is not the expense of restoration of emails and instead is the impossibility of

24  restoring them.

25

26  [1] Joint Letter – ECF No. 48. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

27  [2] *Id.* at 1–3 (summarizing dispute).

28  [3] *Id.* at 1, 3.

It is the court's understanding from today's hearing that Kronos has produced what it can (*e.g.*, emails between the plaintiff and her still-employed former supervisor). In any event, under General Order 71, which is self-executing, Kronos must produce all communications between the plaintiff's managers and supervisors and the defendant's human-resources representatives concerning the factual allegations or claims at issue. Gen. Order 71 pt. 2(2)(a). If Kronos has complied with this obligation, then the court can order no further production, but the court emphasizes that Kronos must comply with General Order 71.

Because the document-retention policy resulted in Kronos's inability to fully comply with General Order 71, the court ordered Kronos to produce its document-retention policy. More specifically, under General Order 71, Kronos must produce all communications between the plaintiff and the defendant concerning the factual allegations or claims at issue. *Id.* But Kronos (possibly) cannot comply with this obligation because — under its document-retention policy — Kronos no longer has the emails of its departed employees. Kronos opposed the plaintiff's request to produce the document-retention policy and argued that the plaintiff did not (1) diligently pursue the email discovery and (2) never made a formal document request.[4] As to diligence, again, General Order 71 is self-executing. As to the need for a formal document request, parties exchange this information as part of the general discovery meet-and-confer process without the need for formal "discovery-on-discovery" requests. *Cf. Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 1942163, at *1, *3 (N.D. Cal. May 9, 2013) (ordering third-party subpoena recipient to produce information about adequacy of its searches after requesting party asked for this information "not as part of a formal Request for Production nor as an Interrogatory but rather as a request following a meet-and-confer").

Second, the plaintiff challenges Kronos's failure to produce her job application.[5] Kronos responded that it "made several searches" for it over the course of several months and was "unable

---

[4] *Id.* at 2–3.

[5] *Id.* at 2.

to locate it."[6] The court is not in a position to second-guess the diligence of Kronos's search. That said, this is another reason that the court ordered Kronos to produce its document-retention policy. Kronos also contended that the application did not have real significance to the lawsuit,[7] but under General Order 71, a defendant must turn over the plaintiff's personnel file. Gen. Order 71 pt. 2(2)(d).

Third, the plaintiff asked for Kronos's financial information, which is relevant to her punitive-damages claim.[8] Kronos did not dispute its relevancy, but it conditioned its production on the plaintiff's agreement to produce her financial information (pursuant to a trial subpoena) because it too claims punitive damages for its counterclaims, which are predicated on the plaintiff's alleged unlawful recording of telephone calls in 2017, in violation of California and Massachusetts law.[9] The court ordered Kronos to produce its financial information because it cannot condition its discovery production on its view of the plaintiff's reciprocal discovery obligation.

Fourth, the final, related issue is whether Kronos can have the plaintiff's financial information. The plaintiff resists the production — which (again) Kronos asked for by way of a trial subpoena — because "issues concerning a trial subpoena are premature, Plaintiff's financial condition is irrelevant, and Defendant failed to request such documents despite Defendant propounding a second request for documents after it filed its counterclaim."[10]

As to the timeliness of the request, Kronos said that it did not learn about the recordings until plaintiff's counsel produced them on June 14, 2019.[11] The trial judge did not authorize the filing of the counterclaim until August 28, 2019.[12] Fact discovery ended October 15, 2019.[13] The letter brief was filed on October 18, 2019, within the seven days contemplated by Civil Local Rule 37-3.

---

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.* at 2.

[9] *Id.*; *see* Counterclaim – ECF No. 45 at 3–6.

[10] Joint Letter – ECF No. 48 at 2.

[11] Counterclaim – ECF No. 45 at 3 (¶ 9).

[12] Order – ECF No.

[13] Civil Minutes – ECF No. 37.

The court cannot tell from the joint letter when Kronos raised the issue of discovery (by trial subpoena), but given the date that the parties filed the joint letter, it almost certainly was before the discovery cut-off. Given the tight timing between the authorization of the countercomplaint on August 28 and the end of discovery, the court does not preclude the discovery because of the timing and instead concludes — on this record — that the issue was fairly raised before fact discovery closed. Moreover, meeting and conferring about the appropriate mechanisms for disclosing relevant evidence — especially on tight time frames — is the kind of collaboration that the court encourages, which further militates in favor of not precluding discovery that was raised on a tight time frame before fact discovery closed.

As to the availability of punitive damages, the parties did not cite any cases but the court's quick, independent research revealed that — under California law — punitive damages do not appear to be available. *See Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 3543699, at *10 (S.D. Cal. June 29, 2016) (dismissing counterclaim for punitive damages under Cal. Penal Code § 632 because "[counterdefendant] does not cite and the Court is not aware of any cases where punitive damages have been awarded"); *Powell v. Union Pac. R.R. Co.*, No. CIV. S-09-1857 KJM-CKD, 2012 WL 3647715, at *5 (E.D. Cal. Aug. 22, 2012) (holding that plaintiff is not entitled to punitive damages under Cal. Penal Code § 637.2). But Kronos also claims a violation of Massachusetts law based on the allegedly surreptitious audio recording.[14] Kronos said (at the hearing) that (1) the plaintiff (who made the calls from Oakland to — apparently — Massachusetts) contends that California law does not apply, which is why it pled a claim for relief under Massachusetts law, and (2) under the relevant Massachusetts statute, punitive damages are available. *See* Mass. Gen. Laws ch. 272, § 99.[15] The plaintiff's counsel responded (at the hearing) that she disputed that punitive damages were available. Given that the parties did not cite cases or brief the issue, the court does not rule dispositively on this record and instead directs the parties to confer and, if they cannot resolve this dispute, to submit a joint letter

---

[14] Countercomplaint – ECF No. 45 at 5.

[15] *Id.* (the statutory basis for the claim).

1    that cites relevant authority. That said, the court notes that the civil-remedies section of the

2    Massachusetts statute provides for punitive damages. *Id.* § 99(Q) (remedies include (1) actual

3    damages but not less than liquidated damages of $100 per day for each day of violation or $1,000,

4    whichever is higher, (2) punitive damages, and (3) reasonable attorney's fees and other litigation

5    disbursements reasonably incurred). That apparently makes the plaintiff's financial information

6    relevant. Also, Kronos asks for the financial information only at trial by way of a trial subpoena,

7    which addresses the plaintiff's concern that the issue is premature.[16]

8       Going forward, if any further discovery disputes arise, the parties must comply with the

9    undersigned's standing order (attached). The dispute procedures in it require, among other things,

10    that if a meet-and-confer by other means does not resolve the parties' dispute, lead counsel for the

11    parties must meet and confer (in person if counsel are local, or by telephone if they are not) and

12    then submit a joint letter brief with information about any unresolved disputes. The letter brief

13    must be filed under the Civil Events category of "Motions and Related Filings > Motions –

14    General > Discovery Letter Brief." After reviewing the joint letter brief, the undersigned will

15    evaluate whether further proceedings are necessary, including any further briefing or argument.

16

17    **IT IS SO ORDERED.**

18       Dated: October 25, 2019

19

20                                LAUREL BEELER
                                   United States Magistrate Judge

21

22

23

24

25

26

27

---

28   [16] Joint Letter – ECF No. 48 at 2–3.